# Exhibit A

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF HORRY | ) | |
| | ) | |
| Thomas Wade Long, | ) | C/A: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **SUMMONS** |
| Horry County Police Department, William | ) | (Jury Trial Demanded) |
| Deitzel, William Dozier, Lisa Vault, Joseph | ) | |
| Hill and Brandon Strickland, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiffs' attorney, Tucker S. Player, at The Player Law Firm, LLC,512 Village Church Drive, Chapin, South Carolina 29036, within thirty (30) days after the service hereof, exclusive of the date of such service and if you fail to answer the Complaint within the time aforesaid, Plaintiffs in this action will apply to the Court for the relief demanded in the Complaint.

This 3rd day of April, 2025.

PLAYER LAW FIRM, LLC
s/Tucker S. Player; SC Bar No. 16217
512 Village Church Drive
Chapin, SC 29036
(803) 315-6300
Tucker@playerlawfirm.com
Attorney for the Plaintiffs

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF HORRY | ) | |
| | ) | |
| Thomas Wade Long, | ) | C/A: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Horry County Police Department, William | ) | **COMPLAINT** |
| Deitzel, William Dozier, Lisa Vault, Joseph | ) | (Jury Trial Demanded) |
| Hill and Brandon Strickland, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, complaining of Defendants hereby alleges:

1) Plaintiff is a citizen and resident of the County of Horry, State of South Carolina.

2) Horry County Police Department ("HCPD") is a law enforcement division of Horry County, South Carolina separate and apart from the constitutional office of Sheriff for Horry County.

3) William Deitzel is a citizen and resident of Horry County and was a Seargent with HCPD at all times relevant to the allegations contained herein

4) Brandon Strickland was the Deputy Chief of the HCPD at all times relevant to the allegations contained herein.

5) Joseph Hill was the Chief of the HCPD at all times relevant to the allegations contained herein.

6) Lisa Vault was the head of the HCPD North Precinct at all times relevant to the allegations contained herein.

7) Jurisdiction and venue are proper before this Court.

## FACTUAL BACKGROUND

8) Plaintiff is the son in law of Harold Worley, a former member of the Horry County Council for over 30 years.

9) In the summer of 2022, Harold Worley was in the process of running as the incumbent for his long held county council seat in Horry County.

10) At the same time, Plaintiff was involved in a lawsuit with a neighboring business, TNT & More, Inc., concerning the ownership and use of certain property in Little River, South Carolina.

11) On July 27, 2021, the Honorable Judge William Keesley issued a Consent Order setting the obligations and prohibitions governing the parties to this litigation during its pendency. The Order clearly indicated that neither party to the lawsuit could interfere with the other's business or exclude each other from the real property in question.

12) On May 22, 2022, the Honorable Stephen John issued another Retraining Order, reiterating and reaffirming the conditions set out in Judge Keesley's Order.

13) Despite Judge Keesley's and Judge John's Orders prohibiting any interference with the business operations of the parties, members of TNT & More, Inc. removed a hut from the property used in the operation of Plaintiff's business.

14) On June 17, 2022 the Honorable Stephen John issued yet another Retraining Order, reiterating and reaffirming the conditions set out in Judge Keesley's Order. In addition, Judge John ordered that Defendants place the property back in the condition it was on June 27, 2021.

### FIRST AMENDMENT AND TAKINGS CLAIM

15) In May 2022, Plaintiff paid for and erected a campaign sign promoting Harold Worley's

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936

candidacy for county council on his commercial property in Little River, South Carolina.

16) Defendant Dozier travelled to Plaintiff's commercial property and asked who put the sign up promoting Harold Worley's candidacy. Neither Plaintiff or his business partner were present, but Defendant Dozier discovered that Plaintiff paid Paul Thompson to place the sign on his property.

17) Defendant Dozier travelled to Paul Thompson's business location and forced him to travel back to Little River with his boom truck to remove the sign. Defendant Dozier actually used his blue lights as he escorted Thompson back to Little River, in violation of South Carolina law.

18) Defendant Dozier destroyed Plaintiff's property without notice or any due process of any kind.

19) Upon information and belief, Defendant Dozier took these illegal actions at the direction of Defendants Vault, Strickland and Hill.

20) Upon information and belief, Defendants' illegal actions were based on the content of the signs as Defendants supported Harold Worley's opponent in the county council race.

*FALSE ARREST/KIDNAPPING/FOURTH AMENDMENT VIOLATION*

21) On June 6, 2022, Plaintiff was attempting to retrieve the hut that had been improperly removed from his business by members of TNT & More, Inc. in the Little River Marina.

22) Earlier in the morning, Plaintiff spoke with Officer Lavender of the HCPD concerning his retrieval of property and his concerns of an altercation with members of TNT & More, Inc. Officer Lavender specifically instructed Plaintiff to call 911 if an altercation occurred.

23) At approximately 2pm, Plaintiff began to move the hut back to its original location when

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936

members of TNT & More, Inc. approached him and climbed on his tractor to stop him from replacing the personal property.

24) Plaintiff felt threatened by the members of TNT & More, Inc. as they climbed onto his tractor to stop him. At that point, Plaintiff called 911 as Officer Lavender instructed.

25) Approximately 45 minutes later, Defendant Deitzel arrived at the scene. Defendant Deitzel did not converse with Plaintiff, placed him in handcuffs, and arrested him.

26) Defendant Deitzel did not offer an explanation of why Plaintiff was being arrested nor did he serve him with any citation.

27) Defendant Deitzel intentionally secured the handcuffs too tightly on Plaintiff, cutting off the circulation in his hands.

28) Defendant Deitzel then roughly forced Plaintiff into the back of a police cruiser with no air conditioning on a June afternoon in Horry County South Carolina when the temperature was approximately 90 degrees.

29) Defendant Deitzel then secured the seat belt around Plaintiff in the police cruiser and shut the door.

30) While Plaintiff was handcuffed and strapped into the police cruiser with no air conditioning, he could not breathe and began sweating profusely.

31) After approximately 20 minutes of being trapped and constrained in the police vehicle, Plaintiff began to lose consciousness.

32) Plaintiff began to bang his head against the window to get the attention of the officers who continued to stand around the car.

33) Eventually, one of the officers got in and began to transport Plaintiff to J. Rueben Long Detention Center. After some time, the officer received a phone call on his cell phone

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936

from Defendant Dietzel. During that phone call, Dietzel informed the officer that he was being ordered to return Plaintiff to Little River.

34) After the phone call, the officer stated he was returning Plaintiff to Little River to "unarrest" him. The officer stated "I have never seen anything like this" referring to Plaintiff's arrest and unarrest.

35) Plaintiff began to lose feeling in his hands and felt like he was suffocating. Plaintiff begged the officer to loosen the handcuffs. The officer stopped in a median on Highway 17 to allow Plaintiff to exit the vehicle and loosen the handcuffs.

36) Upon arrival at the Little River Marina, the officer stated that "I have to wait for the sergeant to come back to unarrest you."

37) Plaintiff waited for another 25 minutes until the officer finally said he would let him go and removed the handcuffs.

38) After the handcuffs were removed and Plaintiff was told he was free to go, he was served with a Uniform Traffic Citation declaring he was being charged with the unlawful use of a 911 call.

39) Plaintiff hired a lawyer and served discovery requests on HCPD in regards to the citation. No response was provided by HCPD or any other Defendant.

40) In late 2024, Plaintiff discovered that the citation was never filed with any court.

41) Upon information and belief, HCPD falsely charged and arrested Plaintiff as part of a campaign of intimidation against him and in retaliation for his support of Harold Worley in the County Council race.

42) Upon information and belief, Defendants Strickland, Hill and Vault were directly involved in the unlawful arrest and transport of Plaintiff, knew there was no probable

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936

cause for the arrest, and intended the actions to intimidate and harass Plaintiff.

*Selective Enforcement/Violation of Standing Court Orders*

43)    During the course of the civil litigation with TNT & More, Inc., HCPD repeatedly harassed Plaintiff and the employees of his business for operating on the real estate in dispute.

44)    On numerous occasions, HCPD threatened to arrest Plaintiff and his employees for operating their business lawfully and in compliance with the TRO's issued by two separate circuit court judges.

45)    Plaintiff and his attorney both spoke with Defendant Vault and provided her with copies of all three circuit court orders that unambiguously demonstrated they had the right to operate on the real property.

46)    Defendant Vault stated the order were "not worth the paper its printed on." This is an absolutely false statement and demonstrates Defendants' intentional violation of the law for the purpose of harassing Plaintiff and damaging his business.

47)    Defendants combined, conspired and acted maliciously, willfully, wantonly, and/or in reckless disregard of Plaintiff's constitutionally protected rights under the First, Fourth, Eighth and Fourteenth Amendments in one or more of the following particulars:

   a)    In removing his campaign sign for Harold Worley without any notice, opportunity to be heard or provide any due process of any kind;

   b)    In falsely arresting and kidnapping Plaintiff without probable cause or reasonable suspicion;

   c)    In attempting to protect communications from FOIA by using personal cell phones to communicate and coordinate the false arrest of Plaintiff;

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936

d)  In acting in bad faith and malicious intent in pursuing and prosecuting false allegations;

e)  In flagrantly violating and refusing to abide by three lawful orders of the Circuit Court in an effort to intimidate, harass and damage Plaintiff and his business; and

f)  In such other particulars as may be discovered during the course of Plaintiff's continued investigation and discovery in this litigation.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Constitutional Rights Under 42 U.S.C. § 1983)

48) The allegations of the preceding paragraphs are incorporated herein as if restated verbatim.

49) Defendants were, at all times relevant hereto, state actors acting under the color and scope of their authority as law enforcement officers for the State of South Carolina.

50) Defendants willfully and maliciously violated Plaintiff's rights, as provided by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, to privacy, to due process of law, to freedom of speech, to be free from unlawful search and seizure, and to be free from unnecessary and unreasonable prosecution by law enforcement agencies.

51) Defendants' conduct as described above was unprovoked and there was no reasonable cause for Defendants to violate the rights of Plaintiff. Defendants knew or should have known that their actions violated the Constitutional rights of Plaintiff.

52) As a direct and proximate result of Defendants' conduct as described above, Plaintiff was damaged in that he sustained severe emotional distress, injury to his reputation, increased costs due to the harassment, and a permanent fear and distrust of law enforcement.

53) As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to an award

of actual and punitive damages, reasonable attorney's fees and costs, and such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff prays for an award of actual damages, punitive damages, compensatory damages, special damages, attorney's fees and costs against Defendants, all in an amount to be determined by a jury and for such other and further relief ad this Court deems just and proper.

RESPECTFULLY SUBMITTED

PLAYER LAW FIRM, LLC

/s/Tucker S. Player, Esquire
1415 Broad River Road
Columbia, SC 29210
(803) 772-8008-telephone
(803) 772-8037-facsimile
Tucker@playerlawfirm.com

Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Apr 03 9:39 AM - HORRY - COMMON PLEAS - CASE#2025CP2602936