**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Thomas Wade Long, | ) | Case No. 4:25-cv-07702-SAL-KDW |
| | ) | |
| Plaintiff, | ) | (Horry Co. C/A No. 2025-CP-26-02936) |
| | ) | |
| v. | ) | |
| | ) | |
| William Deitzel, William Dozier, Lisa | ) | **DEFENDANTS' MEMORANDUM OF LAW** |
| Vault, Joseph Hill and Brandon | ) | **IN SUPPORT OF MOTION TO DISMISS** |
| Strickland, | ) | **PLAINTIFF'S AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Defendants William Deitzel, William Dozier, Lisa Vault, and Joseph Hill, along with

Defendant Brandon Strickland, jointly and by and through their undersigned counsel,

respectfully submit this Memorandum in Support of their Motion to Dismiss Plaintiff's

Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Based upon Defendants'

Motion; this Memorandum in Support; applicable statutory and case law; and any other

documents, affidavits, memoranda, or evidence filed or to be filed and properly before the

Court, Defendants request this Court grant their Motion and dismiss Plaintiff's Amended

Complaint, with prejudice.

**FACTS AND NATURE OF THE CASE**[1]

Plaintiff originally filed this action naming the above-listed Defendants along with

the Horry County Police Department. ECF No. 1. Defendants removed the case to this

Court and filed a Motion to Dismiss. *See* ECF No. 1; ECF No. 8. Plaintiff then amended

---

[1] Because Motions under Fed. R. Civ. P. 12 view the facts in the light most favorable to the non-moving party—here, Plaintiff—this recitation of facts reflects the facts only as alleged by Plaintiff for the purposes of this Motion. Defendants do not concede any of Plaintiff's alleged facts as true or accurate.

his Complaint on September 21, 2025, removing Horry County Police Department as a Defendant but making substantively similar claims against the individual defendants.

As with the original Complaint, Plaintiff's Amended Complaint includes one cause of action under 42 U.S.C. § 1983 claiming violations of the First, Fourth, Eighth, and Fourteenth Amendment of the United States Constitution.

Plaintiff has named as Defendants four individuals who worked for the HCPD. Am. Compl. ¶¶ 2-5. Plaintiff alleges Defendant Deitzel was an HCPD Seargent, Defendant Strickland was the Deputy Chief of the HCPD, Defendant Hill was the Chief of the HCPD, and Defendant Vault was the head of the HCPD "North Precinct." *See* Am. Compl. ¶¶ 3-6.

Plaintiff alleges that in 2022, he was involved in a dispute and lawsuit with a neighboring Horry County business, "TNT & More, Inc.," which resulted in a number of consent orders, restraining orders, and other litigation. Am. Compl. ¶¶ 9-13. Plaintiff alleges that in May 2022, during an ongoing election between incumbent Harold Worley and his opponent for a seat on the Horry County council, Plaintiff put a sign on his property supporting the opponent. Plaintiff then alleges Defendant Dozier—whom he provided no other allegations against—arrived at the business and removed and destroyed the sign at the instruction of Defendants Vault, Strickland, and Hill. Am. Compl. ¶¶ 14-22.

Plaintiff alleges that later, in June of 2022, he was attempting to retrieve his "hut," when an altercation occurred with members of TNT & More. He alleges he called law enforcement, was arrested by Defendant Deitzel, was taken to the J. Rueben Long Detention Center, and was then "unarrested" and taken back to Little River, where he was issued a citation for unlawful use of a 911 call. *See* Am. Compl. ¶¶ 25-50. Plaintiff also

complains of pain from handcuffs and heat in the vehicle during this process. *See* Compl. ¶¶ 35.

The combination of the above facts culminates in one cause of action brought pursuant to 42 U.S.C. § 1983 on the basis that the Defendants violated the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

## ARGUMENT

### I.    Standard of Review

In considering a motion to dismiss for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6), the Court will "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, "to survive a motion to dismiss, [the complaint] must include sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023) (quotation marks omitted) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing the sufficiency of the complaint, a court "need not accept 'legal conclusions,' '[t]hreadbare recitals of the elements of a cause of action,' or 'conclusory statements.'" *Langford*, 62 F.4th at 124 (quoting *Iqbal*, 556 U.S. at 678).

Here, Plaintiff has failed to state a claim on which relief may be granted and thus, the Amended Complaint should be dismissed.

### II.    Analysis

#### a.    Plaintiff Has Failed to Properly Plead a § 1983 Claim As to the Individual Defendants.

As an initial matter, "a state official cannot be sued in his official capacity for damages under § 1983." *Est. of Valentine by & through Grate*, 611 F. Supp. 3d at 124

(*citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Plaintiff's claims as to each Defendant first state that they were in their official role "at all times relevant to the allegations" but then states they are being "sued in" their "individual capacity only." As an initial matter, both of those statements cannot be true.  The Amended Complaint also states that "Defendants were, at all times relevant hereto, state actors acting under the color and scope of their authority as law enforcement officers for the State of South Carolina."  Am. Compl. ¶¶ 2-5, 58.

While Plaintiff includes the phrases "individual capacity" to facially attempt to circumvent the bar on suing government employees in their official capacities, the actual substance of the Amended Complaint makes clear that the focus of Plaintiff's Amended Complaint is actions taken within individual capacities.  This is specifically not permitted in an action brought pursuant to 42 U.S.C. § 1983.  *See Moneyhan v. Keller*, 563 F. App'x 256, 258 (4th Cir. 2014) (noting Eleventh Amendment bars suit against defendants in official capacities under § 1983).  In fact, there are no allegations in this Amended Complaint relating to actions taken in each Defendants' individual capacity.

As such, the Amended Complaint should be dismissed in its entirety with prejudice.

**i.      Insofar as the Individual Defendants are Sued in their Individual Capacities, They Are Entitled to Qualified Immunity.**

While there can be no doubt Plaintiff has stated he is suing each individual defendant in their official capacity and for actions taken while in that capacity, if the Court construes Plaintiff as having properly pled § 1983 claims, then the Court should dismiss the individual defendants on the basis of qualified immunity.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Atkinson v. Godfrey*, 100 F.4th 498, 504 (4th Cir. 2024) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "The protection applies regardless of whether the government official's error is a mistake of law, a mistake of fact or a mistake based on mixed questions of law and fact." *Id.* (citation omitted). The test for qualified immunity is a two-pronged test. The first prong is whether the facts "make out a violation of [the plaintiff's] constitutional rights, and second, whether that violated right was clearly established at the time." *Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022). "The plaintiff bears the burden on the first prong, and the officer bears the burden on the second prong." *Id*. Courts within the first circuit can address one or both prongs, in any order that would "facilitate the fair and efficient disposition of the case." *Atkinson*, 100 F.4th at 504. Here, this may mean deciding the case on "the ground that the purported right was not clearly established without resolving the "often more difficult question whether the purported right exists at all." *Id*.

There is no doubt that here, *if* the Court finds that Plaintiff's claims are properly pled under § 1983 in individual capacities, Plaintiff's Amended Complaint provides no allegations that could remotely constitute a violation of a "clearly established right." Plaintiff's sole cause of action asserts rights under the First, Fourth, Eighth, and Fourteenth Amendments. As to each, there is *no* clearly established right implicated. Plaintiff has failed, entirely, to allege or put Defendants on notice as to any rights that were violated beyond conclusory statements and the naming of constitutional provisions.

However, this burden is upon Plaintiff, and the Amended Complaint falls far short of the requirement.

### b.  In the Alternative, Plaintiff has Failed To Meet the Fed. R. Civ. P 12(b)(6) Burden.

As noted above, the Federal Rules of Civil Procedure require plausibility—"Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation to *Twombly* omitted).  Depending on the basis a plaintiff seems to be bringing an action, a court can address "'nub' of the plaintiffs' complaint—the well-pleaded, nonconclusory factual allegation [giving rise to the claim]— to determine whether it gave rise to a 'plausible suggestion of [the asserted cause of action].'"  *Ashcroft*, 556 U.S. at 680 (citation omitted) (describing the analysis of the *Twombly* allegations of conspiracy).  Where well-pleaded allegations, accepted as true, do not plausibly suggest any basis for relief, a complaint can—and should—be dismissed.

"Under [Rule 8], the principal function of pleadings is to give the adverse party fair notice of the claim asserted in the form of a generalized summary sufficient to allow that party to make an adequate response."  *United States v. Metro Dev. Corp.*, 61 F.R.D. 83, 86 (N.D. Ga. 1973). Here, Plaintiff's allegations are lacking and fatally defective.  The very basis of Plaintiff's Amended Complaint includes no applicable law that would ever operate to create liability—nor could it, because as set forth above, no such law exists.

Plaintiff attempts to allege violation of multiple constitutional provisions—each the foundational protection of their own corpus of case law—but provides no actual claim under each provision.

As to a claim under the ***First Amendment***, Plaintiff has not identified what right— of the multiple contained therein—is implicated. Thereafter, he has failed, entirely, to set forth what framework he brings a First Amendment claim, of the many manners of challenges available. *See Willis v. Town Of Marshall, N.C.*, 426 F.3d 251, 257 (4th Cir. 2005) ("The threshold question in any First Amendment challenge, of course, is whether any protected First Amendment right is involved. If the answer to that question is no, then "we need go no further."). *Compare id* (analyzing one manner of First Amendment claim), *with Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 317 (4th Cir. 2006) (setting forth entirely different manner of First Amendment Claim and entirely different framework for such analysis). Plaintiff has provided Defendants and the Court with nothing that plausibly constitutes a valid claim under the First Amendment.

As to ***Fourth Amendment*** claims, such claims can include excessive force, unreasonable search, warrantless searches, unreasonable seizures, and other such claims. *See, e.g.*, *United States v. Jones*, 565 U.S. 400, 404 (2012) (describing various doctrines involved in searches and seizures in various contexts and related subsets of rules). Each of these areas of Fourth Amendment law are nuanced, and like the First Amendment law set forth above, each comes with its own set of tests and context that are outcome-determinative as to remedies and analysis of whether an actual violation occurred. This ranges from violations regarding "general searches," *Marron v. United States*, 275 U.S. 192, 195 (1927), to highly technical law regarding cellular data and the implications of law enforcement access to location information, *see Carpenter v. United States*, 585 U.S. 296, 310 (2018). Plaintiff's casual and passing references to the Fourth

Amendment fall far short of actually and plausibly alleging any violations, let alone providing Defendants with the requisite notice to actually defend this case.

As to the **Fifth Amendment** Plaintiff has entirely failed to address the manner of taking, why any due process implication exists, and has provided nothing that addresses the elements of the limited manners of taking that the United States Supreme Court has deemed cognizable under the United States Constitution.  *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978).  This burden falls to the Plaintiff, and he has fallen far short of the pleading standard.

As to the **Eighth Amendment**, the U.S. Supreme Court has stated that "Given that the Amendment is addressed to bail, fines, and punishments, our cases long have understood it to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments."  *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 262, 109 S. Ct. 2909, 2913, 106 L. Ed. 2d 219 (1989).  Within the context of Plaintiff's Amended Complaint, there is no plausible allegation that he was ever detained, sentenced, fined, or otherwise punished within the scope of Eighth Amendment protections and as such, all of his claims are entirely outside the purview of the Eighth Amendment.  *Waters v. Stewart*, No. 4:15-CV-4143-RBH-TER, 2018 WL 4999787, at *3 n.4 (D.S.C. July 30, 2018), *report and recommendation adopted as modified,* No. 4:15-CV-04143-RBH, 2018 WL 4560745 (D.S.C. Sept. 24, 2018), *on reconsideration in part,* No. 415CV04143RBHTER, 2018 WL 11475549 (D.S.C. Dec. 20, 2018), *aff'd,* 776 F. App'x 134 (4th Cir. 2019), and *aff'd,* 776 F. App'x 134 (4th Cir. 2019) (explaining that allegations of force used during arrest are outside the scope of the Eighth Amendment).

As with the other overly vague allegations as to a constitutional violation, Plaintiff has failed to properly allege anything as to the **_Fourteenth Amendment_**, let alone a basis on which his rights were violated. The Amended Complaint identifies no principles of law or elements, claims, or tests under which his rights have been violated. Moreover, as with the other claims, Plaintiff's alleged facts do not provide a basis under which he would be entitled to redress for a violation of the Fourteenth Amendment. As with the other provisions of the Constitution, the Fourteenth Amendment comes with an enormous corpus of case law, principles, and rules. Defendants cannot discern which would apply here, likely because Plaintiff's allegations fall far short of any plausible violation. As such, this claim—like the others—should be dismissed.

### c. Plaintiff's Claims Sounding in State Law are Time-Barred by the South Carolina Tort Claims Act.

Finally, and in part, in the alternative, Plaintiff's causes of action fail under federal law and under the provisions cited in the complaint for all of the reasons set forth above. However, to the extent this Court construes any of Plaintiff's claims as properly before the Court but asserting causes of action under South Carolina law, Defendants assert that such claims are fully barred by the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-10, *et seq*.

*First*, Plaintiff's claims—insofar as any are state law claims—are time barred. Plaintiff's allegations arise out of events that took place in May of 2022 and June 6, 2022. *See* Compl. ¶¶ 11, 25. Plaintiff's original Complaint was filed in April of 2025, just under three years later. Under section 15-78-110 of the South Carolina Code, "any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered" unless a verified

claim is filed.  Plaintiff's Amended Complaint provides no allegation of a verified claim. As such, the applicable statute of limitations for state tort claims against the Defendants is two years.  As the Complaint was filed outside of that two-year statute, any claims under the South Carolina Tort Claims Act are time-barred.  *Adams v. Doe No. 1*, No. CV 8:20-4296-MGL-PJG, 2022 WL 18215830, at *6 (D.S.C. Dec. 9, 2022), *report and recommendation adopted*, No. CV 8:20-4296-MGL-PJG, 2023 WL 144990 (D.S.C. Jan. 10, 2023), *and report and recommendation adopted*, No. CV 8:20-4296-MGL-PJG, 2023 WL 175337 (D.S.C. Jan. 12, 2023) (analyzing in federal case South Carolina Tort Claims Act as to state-law claims); *Holloway v. Lloyd*, No. CA 3:11-2581-CMC-PJG, 2012 WL 786327, at *2 (D.S.C. Feb. 13, 2012), *report and recommendation adopted,* No. CA 3:11-2581-CMC-PJG, 2012 WL 786323 (D.S.C. Mar. 9, 2012) (applying South Carolina Tort Claims Act time bar on 12(b)(6) motion).

*Second*, to the extent applicable, the South Carolina Tort Claims Act would apply to bar any liability on the part of the defendants here.  The exceptions to South Carolina's waiver of immunity contained in section 15-78-60 include immunity for:

> (3) execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process;
>
> . . .
>
> (5) the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee;
>
> . . .
>
> (17) employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude;

. . .

(23) institution or prosecution of any judicial or administrative proceeding.

*See* S.C. Code Ann. § 15-78-60.

To the extent Plaintiff has sought to bring state law claims disguised as § 1983 claims, each of the above provisions, along with any other applicable provisions of the South Carolina Tort Claims Act, operate to bar liability on the part of Defendants for the entirety of the allegations within Plaintiff's Amended Complaint.

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendants William Deitzel, William Dozier, Lisa Vault, Joseph Hill, and Brandon Strickland respectfully request this Court dismiss Plaintiff's Amended Complaint, in its entirety, with prejudice.

Respectfully Submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400

*s/ R. Wilder Harte*
R. Wilder Harte (Fed ID #12514)
wharte@richardsonplowden.com
Ashwin R. Sanzgiri (Fed ID #14093)
asanzgiri@richardsonplowden.com

ATTORNEYS FOR DEFENDANTS HORRY
COUNTY POLICE DEPARTMENT, WILLIAM
DEITZEL, WILLIAM DOZIER, LISA VAULT,
AND JOSEPH HILL


AIKEN BRIDGES ELLIOTT TYLER &
SALEEBY, P.A.
PO Drawer 1931
Florence, SC 29506
Office: (843) 669-8787

*s/Samuel F. Arthur*
Samuel F. Arthur, III (Fed ID #7070)
sfa@aikenbridges.com

ATTORNEY FOR DEFENDANT BRANDON
STRICKLAND

October 3, 2025