UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas Wade Long, | ) | C/A: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **RESPONSE TO MOTION TO DISMISS** |
| William Deitzel, William Dozier, Lisa Vault, | ) | |
| Joseph Hill and Brandon Strickland, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs submit this response to the motion to dismiss.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While all factual allegations contained in a complaint must be accepted as true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.; see also Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

### I.      *Plaintiffs did not sue any defendant in their official capacity*

There is no allegation in the Complaint that any defendant is being sued in their individual capacity.  The references to the positions held by the defendants is merely to meet the requirement that each individual was acting under the color of state law during the unconstitutional acts alleged. If the Court believes this issue needs clarification within the Complaint, Plaintiffs should be allowed to amend the complaint.

### II.      *Plaintiffs pled deprivations of numerous cognizable constitutional rights*

*The Political Sign – First and Fifth Amendment violations*

Paragraphs 14 through 24 detail the actions of these defendants in destroying a political sign erected by Plaintiff on his property without notice or any process of any kind.  However, Defendants argue they cannot discern what they did wrong due to an inefficient pleading.  In the alternative, Defendants plead they are entitled to "qualified immunity."  Defendants claim they did not know that law enforcement officers are prohibited from walking onto property and destroying a citizen's personal property without notice or any process of any kind.  The destruction of the sign falls under the takings clause of the Fifth Amendment.  The destruction of the message conveyed by the sign is a violation of the First Amendment rights of Plaintiff.  *Eu v. San Francisco County Democratic Cent. Comm.*, 489 U.S. 214, 223, 103 L. Ed. 2d 271, 109 S. Ct. 1013 (1989); *Curry v. Prince George's Cty.*, 33 F. Supp. 2d 447, 451 (D. Md. 1999).  These paragraphs alone satisfy the elements cited by Defendants as necessary to state a claim under Section 1983.  If the Court finds the Amended Complaint is deficient, Plaintiff seeks permission to amend his pleadings.

*The Kidnapping – Fourth and Fourteenth Amendment violations*

Paragraphs 25 through 50 detail the actions of these defendants in kidnapping him without cause or legal justification.  Plaintiff was moving a shed back onto his property that was removed improperly.  Plaintiff called 911 when a would-be assailant was climbing onto his tractor while moving that shed.  Plaintiff called 911 because, that very same morning, he was told by an HCPD

officer to call 911 if there were any issues in moving the shed back to its proper place. He did exactly what law enforcement told him to do and he was arrested for that action. The Amended Complaint is unambiguous that there was no warrant, there was no probable cause, nor was there any legal process through which Plaintiff was detained, handcuffed and taken from his place of business. This follows the law of the Fourth Circuit. *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996). Plaintiff pled, and the factual allegations support the argument that the purpose of Plaintiff's seizure was done for an unlawful and improper purpose. Defendants then ordered that Plaintiff be driven back to his place of business to be "unarrested." Defendants then failed to appear to unarrest Plaintiff as he was forced to stand, handcuffed, in his business parking lot for another 25 minutes. These allegations clearly state violations of the Fourth Amendment (as an unlawful seizure of his person) and Fourteenth Amendment (substantive due process violation by failing to provide any notice of why he was arrested and failing to file the actual citation issued). To the extent that the pleading is not clear on these points, Plaintiff requests an opportunity to amend the complaint.

### *Selective Enforcement and Eighth Amendment Claims*

After additional research, Plaintiff voluntarily dismisses any claims under the Eighth Amendment or relating to the allegations in Paragraphs 51-55. Paragraph 56 contains a scriveners error and should replace "Eighth" with "Fifth"

### *There are no hidden State Causes of Action.*

At this stage of the litigation, any dismissal based on Rule 12(b)(6), FRCP is not a decision on the merits and cannot be with prejudice. If this Court believes the pleadings are defective, Plaintiffs move this Court for permission to amend the Complaint. The Fourth Circuit has said that "[l]eave to amend ... should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods*

Co., 785 F.2d 503, 510 (4th Cir. 1986); as cited in *Carlson v. GMC*, No. 2:86-2674-1, 1991 U.S.

Dist. LEXIS 22101, at *4 (D.S.C. Mar. 13, 1991).

This 17th day of November, 2025.

> PLAYER LAW FIRM, LLC
> s/Tucker S. Player; SC Bar No. 16217
> 512 Village Church Drive
> Chapin, SC 29036
> (803) 315-6300
> Tucker@playerlawfirm.com
> Attorney for the Plaintiff