IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

Thomas Wade Long

Plaintiff,

v.

William Deitzel, William Dozier, Lisa Vault,
Joseph Hill, and Brandon Strickland,

Defendants.

Case No. 4:25-cv-07702-SAL-KDW

**ORDER**

Thomas Wade Long ("Long") filed this action seeking relief pursuant to 42 U.S.C. § 1983 based on events that occurred in the summer of 2022. Long alleges that Defendants falsely arrested him and wrongfully removed a political sign without notice or proper process. *See* ECF No. 18 ¶¶ 57–66. Before the court is Defendants' motion to dismiss. [ECF No. 20.] United States Magistrate Judge Kaymani D. West reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) and issued a Report and Recommendation ("Report") recommending Defendants' motion be granted in part and denied in part. [ECF No. 29.]

As stated in the Report, Long's complaint fails to sufficiently allege violations of the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment's substantive due process clause to survive dismissal under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 29 at 6–13.] Specifically, Long's Eighth Amendment[1] and Fourteenth Amendment substantive due process claims arising out of his June 6, 2022, arrest and Fifth Amendment claim arising from the removal of his political sign fail to state a claim for relief. Long's state-law claims and allegations related to "selective enforcement" or violations of standing court orders likewise fail. *Id.* Conversely, the

---

[1] Long does not oppose the dismissal of his claims under the Eighth Amendment and agrees that "there are no hidden state causes of action." [ECF No. 25 at 3–4.]

1

Report concludes that Long has sufficiently pleaded his remaining claims for First Amendment retaliation based on the removal of his political sign, Fourteenth Amendment procedural due process violations arising from destruction of his property, and Fourth Amendment violations from his alleged false arrest and seizure. Those claims survive Defendants' motion to dismiss.

Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 14. No objections have been filed, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, **adopts** the Report, ECF No. 29, and incorporates it by reference. As a result, Defendants' motion to dismiss, ECF No. 20, is **granted in part and denied in part**. Defendants' motion to dismiss is granted as to Long's claims brought under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment substantive due process clause. Defendants' motion is likewise granted regarding Long's state-law causes of action, and any allegations related to "selective enforcement" or violations of standing court

orders. Long's remaining claims may proceed. This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

July 7, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge